UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 1:18-cv-00799 |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| 99 Cents Only Stores, LLC and 99 Cents Only Stores Texas, Inc. | (1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
| **Defendants.** | (2) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| | (3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| | (4) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| | (5) COMMON LAW TRADE DRESS INFRINGEMENT; |
| | (6) COMMON LAW UNFAIR COMPETITION; |
| | (7) COMMON LAW MISAPPROPRIATION; |
| | (8) UNJUST ENRICHMENT; AND |
| | (9) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271. |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against 99 Cents Only Stores, LLC and 99 Cents Only Stores Texas, Inc. (together, "Defendants"), alleges as follows:

**The Parties**

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, Texas 78735.

2.      On information and belief, 99 Cents Only Stores, LLC is a limited liability company organized and existing under the laws of the State of California with a place of business at 4000 East Union Pacific Avenue, City of Commerce, California 90023.

3.      On information and belief, 99 Cents Only Stores Texas, Inc. is a corporation organized and existing under the laws of the State of Delaware with a place of business at 4000 East Union Pacific Avenue, City of Commerce, California 90023.

**Jurisdiction and Venue**

4.      This is a complaint for damages and injunctive relief based on Defendants' drinkware-related sales and includes multiple grounds for relief including trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, unjust enrichment, and patent infringement.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); the Patent Act, 35 U.S.C. § 1, *et seq*.; federal common law; and state common law, including the law of Texas.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Defendants

2

own and/or operate multiple store locations in the State of Texas, including in this District; (ii) Defendants have advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, at least through multiple retail stores, (iii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iv) on information and belief, Defendants acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (v) Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

7.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b).

### General Allegations – YETI's Intellectual Property

8.     For years, YETI has engaged in the development, manufacture, and sale of insulated products, including insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns various rights relating to its insulated drinkware designs, including trade dress rights.

3

9.      Several years ago, YETI introduced its 30 oz. Rambler® Tumbler and Rambler® Colster® Beverage Holder into the marketplace (collectively, "Rambler® Drinkware").  YETI has sold millions of the Rambler® Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler® Drinkware.  The designs and features of the Rambler® Drinkware have received widespread and unsolicited public attention.  For example, the Rambler® Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

10.     The designs of the Rambler® Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler® Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Drinkware, YETI's marketing, advertising, and sales of the Rambler® Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler® Drinkware, which consumers have come to uniquely associate with YETI.

11.     Exemplary images of a YETI 30 oz. Rambler® Tumbler are shown below:

4

| Illustration 1:  Exemplary Images of a YETI 30 oz. Rambler® Tumbler. |
| --- |



12.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz.

Rambler® Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumbler and the tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

13.     Exemplary images of a YETI Rambler® Colster® Beverage Holder are shown below:

| Illustration 2:  Exemplary Images of a YETI Rambler® Colster® Beverage Holder. |
| :---: |



14.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Colster® Beverage Holder, which includes the design and appearance of the curves and lines in the YETI Rambler® Colster® Beverage Holder; the design and appearance

of the profile of the YETI Rambler® Colster® Beverage Holder; the design and appearance of the walls of the YETI Rambler® Colster® Beverage Holder; the design and appearance of the rim of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the side walls of the upper band of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler® Colster® Beverage Holder; the color contrast and color combinations of the YETI Rambler® Colster® Beverage Holder and the upper band of the YETI Rambler® Colster® Beverage Holder; and the relationship of these features to each other and to other features.

15.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress in its 30 oz. Rambler® Tumbler and its Rambler® Colster® Beverage Holder each have become famous and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as source identifiers of YETI.

16.     YETI also owns several design patents related to a beverage holder, including:

i.      U.S. Design Patent No. D752,397 ("the '397 patent")

ii.     U.S. Design Patent No. D779,285 ("the '285 patent");

iii.    U.S. Design Patent No. D779,891 ("the '891 patent");

iv.     U.S. Design Patent No. D779,892 ("the '892 patent");

v.      U.S. Design Patent No. D780,530 ("the '530 patent");

vi.     U.S. Design Patent No. D780,531 ("the '531 patent");

vii.    U.S. Design Patent No. D780,532 ("the '532 patent");

viii.  U.S. Design Patent No. D780,533 ("the '533 patent");

ix.  U.S. Design Patent No. D786,025 ("the '025 patent"); and

x.  U.S. Design Patent No. D826,003 ("the '003 patent").

17.  The '397 patent, the '285 patent, the '891 patent, the '892 patent, the '530 patent, the '531 patent, the '532 patent, the '533 patent, the '025 patent, and the '003 patent are each entitled "Beverage Holder" (collectively, "YETI's Beverage Holder Patents"). Each of YETI's Beverage Holder Patents was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to each of YETI's Beverage Holder Patents.  Copies of these patents are attached as Exhibits 1-10.

**General Allegations – Defendants' Unlawful Activities**

18.  Defendants have purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products, that violate YETI's rights, including the rights protected by YETI's intellectual property.  Defendants' infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products.  Defendants' actions have all been without the authorization of YETI.

19.  Exemplary images of Defendants' infringing products are shown below:

**Illustration 3:  Exemplary Images of Defendants' 30 oz. Infringing Products.**

 



| Illustration 4:  Exemplary Image of Defendants' Infringing Beverage Holder Products. |
|---|



20.     As a result of Defendants' activities related to the infringing products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

21.     YETI used its trade dress extensively and continuously before Defendants began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing their infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced their unlawful use of YETI's trade dress. As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

**Count I:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

22.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through **Error! Reference source not found.** as though fully set forth herein.

23.     Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  Defendants' use of YETI's trade dress

and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

24.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

25.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

26.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

27.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

28.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Based on the activities described above, including, for example, Defendants' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

30.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also

acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

31.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

32.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and Defendants' continuing disregard for YETI's rights.

33.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

### Count III:
### Unfair Competition and False Designation of Origin under § 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

34.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.     Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as

compared to YETI through Defendants' use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Defendants' infringing products, at least by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI.

36.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

37.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

38.     On information and belief, Defendants' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

39.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Based on the activities described above, including, for example, Defendants' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code. Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

42.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this

15

secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

43.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of their infringing products, at least by creating the

false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI.

48.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with their infringing products.

49.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

50.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of their infringing products to YETI's trade dress and Defendants' continuing disregard for YETI's rights.

51.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Defendants' goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Defendants' infringing products, at least by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI. Defendants have also interfered with YETI's business.

54.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with their infringing products.

55.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

18

to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

56.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of their infringing products to YETI's trade dress and Defendants' continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

60.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used YETI's trade dress and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin, sponsorship, and/or affiliation of Defendants' infringing products, by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

61.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with their infringing products.

62.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  Moreover, as a result of its misappropriation, Defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's products, and YETI.

63.     Defendants' misappropriation of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of their infringing products to YETI's trade dress and Defendants' continuing disregard for YETI's rights.

64.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## Count VIII:
## Unjust Enrichment

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

66.     Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of their infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

67.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used and are wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for their own business and products.

68.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and colorable imitations thereof in connection with their infringing products.

69.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury

21

to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

70.   Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of their infringing products to YETI's trade dress and Defendants' continuing disregard for YETI's rights.

71.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

**Count IX:**
**Patent Infringement in Violation of 35 U.S.C. § 271**

72.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 71 as though fully set forth herein.

73.   Defendants have infringed and continue to infringe each of YETI's Beverage Holder Patents at least by using, offering to sell, selling, making, and/or importing Defendants' infringing beverage holder products, which are covered by the claim of each of YETI's Beverage Holder Patents.

74.   Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

75.   On information and belief, Defendants' infringement of each of YETI's Beverage Holder Patents has been, and continues to be, deliberate, intentional, and willful.

76.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

77.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

78.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

<u>**Demand for Jury Trial**</u>

YETI hereby demands a jury trial on all issues so triable.

<u>**Relief Sought**</u>

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Defendants have (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; (viii) been unjustly enriched at YETI's expense; and (ix) infringed YETI's design patents in violation of § 271 of Title 35 in the United States Code, and that all of these wrongful activities by Defendants were willful;

2.     An injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, unjust enrichment, and further infringement

of YETI's design patents by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or YETI's Beverage Holder Patents, pursuant to at least 15 U.S.C. § 1116, 35 U.S.C. § 283 and Tex. Bus. & Com. Code § 16.104;

3.    An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.    An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendants' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.    An Order directing Defendants to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.    An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.    An award of Defendants' profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and

reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104;

       8.     An award of damages to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Defendants' profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

       9.     Such other and further relief as this Court deems just and proper.

Dated:  September 18, 2018         Respectfully submitted,


By: /s/ J. Pieter van Es
Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter van Es (admitted in the Western District of Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Kimberly S. Devine (pro hac vice forthcoming)
Illinois Bar No. 6323813
kdevine@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**