IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | :<br>:<br>: |
| Plaintiff, | : Case No. 1:18-cv-00799<br>: |
| v. | :<br>: |
| 99 Cents Only Stores and 99 Cents Only Stores Texas, Inc., | : **DEMAND FOR JURY TRIAL**<br>:<br>: |
| Defendants. | :<br>: |

**DEFENDANTS 99 CENTS ONLY STORES and 99 CENTS ONLY STORES TEXAS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants 99 Cents Only Stores LLC ("99 Only") and 99 Cents Only Stores Texas, Inc. ("99 Only Texas") (collectively referred to as "Defendants"), by and through their undersigned attorneys, hereby files the following Answer, Affirmative Defenses, and Counterclaims to Plaintiff YETI Coolers, LLC's ("Plaintiff" or "YETI") Complaint for Damages and Injunctive Relief ("Complaint") as set forth below. Defendants deny all allegations made in the Complaint that are not specifically admitted below.

**The Parties**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore deny the same.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit that 99 Only Texas is a corporation organized under the law of the State of Delaware with a place of business located at 4000 East Union Pacific Avenue, City of Commerce, California 90023.

**Jurisdiction and Venue**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore deny the same.

5. Defendants admit that this Court has subject matter jurisdiction over this action.

6. Defendants admit they own and operate multiple stores in Texas and that this Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. Defendants admit that venue is proper in this District.

**General Allegations**

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore deny the same.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore deny the same.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore deny the same.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore deny the same.

17. Defendants admit that each of the patents listed in paragraph 16 of the Complaint is entitled "Beverage Holder." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and therefore deny the same.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore deny the same.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

**Count I**
**Trade Dress Infringement under § 43(a) of the Lanham Act 15 U.S.C. § 1125(a)**

22. Defendants repeat and reassert their responses to the allegations in paragraphs 1-21 of the Complaint as though fully set forth herein.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

## Count II
### Trade Dress Dilution § 43(a) of the Lanham Act 15 U.S.C. § 1125(c)

28. Defendants repeat and reassert their responses to the allegations in paragraphs 1-27 of the Complaint as though fully set forth herein.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

## Count III
### Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34. Defendants repeat and reassert their responses to the allegations in paragraphs 1-33 of the Complaint as though fully set forth herein.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

## Count IV
### Trade dress Dilution Under Tex. Bus. & Com. Code § 16.103

40. Defendants repeat and reassert their responses to the allegations in paragraphs 1-39 of the Complaint as though fully set forth herein.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

**Count V**
**Common Law Trade Dress Infringement**

46. Defendants repeat and reassert their responses to the allegations in paragraphs 1-45 of the Complaint as though fully set forth herein.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

**Count VI**
**Common Law Unfair Competition**

52. Defendants repeat and reassert their responses to the allegations in paragraphs 1-51 of the Complaint as though fully set forth herein.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

**Count VII**
**Common Law Misappropriation**

58. Defendants repeat and reassert their responses to the allegations in paragraphs 1-57 of the Complaint as though fully set forth herein.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

**Count VIII**
**Unjust Enrichment**

65. Defendants repeat and reassert their responses to the allegations in paragraphs 1-64 of the Complaint as though fully set forth herein.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

**Count IX**
**Patent Infringement in Violation of 35 U.S.C. § 271**

72. Defendants repeat and reassert their responses to the allegations in paragraphs 1-71 of the Complaint as though fully set forth herein.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

## Answer to Relief Sought

To the extent that a response to Plaintiff's prayer for relief is required, Defendants deny that Plaintiff is entitled to any relief or judgment against Defendants. Defendants respectfully request the Court deny the same.

## Affirmative Defenses

Without assuming any burden that it would not otherwise bear, Defendants assert the following defenses. Defendants reserve the right to amend and supplement their Answer as further information becomes available.

### First Affirmative Defense
### (Failure To State A Claim)

79. Plaintiff's claims for relief fail to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Waiver, Estoppel And Laches)

80. Plaintiff's non-patent claims for relief, namely Counts I – VIII, are barred by the doctrines of waiver, estoppel, and/or laches.

### Third Affirmative Defense
### (No Protectable Trade Dress)

81. Plaintiff's claims for relief fail because Plaintiff seeks to enforce alleged trade dress of its product designs and configurations, which are functional and not protectable. Plaintiff's claims for relief fail for the additional reason that Plaintiff's product designs and configurations are not distinctive, have not acquired secondary meaning and thus are not protectable as trade dress.

### Fourth Affirmative Defense
### (No Trade Dress Infringement/Fair Use)

82. Plaintiff's claims for relief fail because the accused product designs are merely functional designs, which are dictated by product configuration and functionality, because such

similar product designs are used extensively by numerous third parties in the marketplace, and because there is no likelihood of confusion.

**Fifth Affirmative Defense**
**(Unclean Hands)**

83. Plaintiff comes to this Court with unclean hands.

**Six Affirmative Defense**
**(Trademark And Trade Dress Misuse)**

84. Plaintiff is attempting to interfere with legitimate commerce and competition by seeking to prevent Defendants from selling competing beverage holder products through baseless accusations of functional trade dress designs, which constitute an end around of U.S. Patent Laws.

**Seventh Affirmative Defense**
**(No Damages)**

85. Plaintiff's claims for relief fail in whole or in part to the extent Plaintiff suffered no damages.

**Eighth Affirmative Defense**
**(Patent Invalidity)**

86. One or more claims of the '397 Patent, '285 Patent, '891 Patent, '892 Patent, '530 Patent, '531 Patent, '532 Patent, '533 Patent, '025 Patent, and '003 Patent (collectively, the "Patents-in-Suit") are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and/or 282, and/or the rules, regulations and law pertaining thereto.

**Ninth Affirmative Defense**
**(No Patent Infringement)**

87. Defendants do not infringe and have not infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit, either directly, contributorily, by inducement, jointly, willfully, or in any other manner.

### Tenth Affirmative Defense
### (Waiver, Estoppel And/Or Acquiescence)

88. Plaintiff's claims against Defendants regarding the Patents-in-Suit are barred, in whole or in part, and the Patents-in-Suit are unenforceable against Defendants due to the doctrines of waiver, estoppel, and/or acquiescence.

### Eleventh Affirmative Defense
### (Limitation On Patent Damages)

89. To the extent Plaintiff or its licensees have failed to comply with the marking requirement of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part for any damages for Defendants' alleged infringement prior to at least the date of filing of the original Complaint.

### Twelfth Affirmative Defense
### (Prosecution History Estoppel)

90. Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representations, disclaimers and/or disavowals made during the prosecution of the Patents-in-Suit.

### Thirteenth Affirmative Defense
### (No Injunctive Relief)

91. On information and belief, Plaintiff is not entitled to injunctive relief because it cannot satisfy the standards for such relief as set forth in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) for various reasons, including, but not limited to, the fact that Plaintiff cannot demonstrate harm that is immediate and irreparable.

## Prayer for Relief

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, including the following:

A. That all claims against Defendants be dismissed with prejudice and that all relief requested by Plaintiff be denied;

B. That Defendants be awarded attorney's fees incurred herein pursuant to 15 U.S.C. § 1117(a);

C. That Defendants be awarded costs of suit incurred herein, plus interest; and

D. That Defendants be awarded such other and further relief as the Court deems just and proper.

## Counterclaims

For their counterclaims against YETI Coolers, LLC's ("YETI" or "Counterdefendant"), Defendants 99 Cents Only Stores LLC ("99 Only") and 99 Cents Only Stores Texas, Inc. ("99 Only Texas") (collectively referred to as "Counterclaim-Plaintiffs"), by and through their undersigned attorneys, allege as follows:

## The Parties

1. 99 Only is a California limited liability company with its principle place of business located at 4000 East Union Pacific Avenue, City of Commerce, California 90023. This Court has personal jurisdiction over 99 Only.

2. 99 Only Texas is a Delaware corporation with its principle place of business located at 4000 East Union Pacific Avenue, City of Commerce, California 90023. This Court has personal jurisdiction over 99 Only Texas.

3. Upon information and belief, YETI is a Delaware corporation with a principle place of business at 7601 Southwest Parkway, Austin, Texas 78735.

**Jurisdiction and Venue**

4. If subject matter jurisdiction is proper for YETI's claims, this Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1337, 1338(a), 1367, 2201, and 2202, the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

5. This Court has personal jurisdiction over YETI because YETI resides in the jurisdiction and YETI has availed itself of the jurisdiction of this Court, and has engaged in acts giving rise to this controversy in this district.

6. YETI resides in this district and has consented to venue in this Court by filing its Complaint against Counterclaim-Plaintiffs in this district and thus venue for the Counterclaims is proper in this district.

7. By its Complaint, YETI purports to assert a claim against Counterclaim-Plaintiffs for infringement of United States Patent Nos. D752,397 ("the '397 patent"), D779,285 ("the '285 patent"), D779,891 ("the '891 patent"), D779,892 ("the '892 patent"), D780,530 ("the '530 patent"), D780,531 ("the '531 patent"), D780,532 ("the '532 patent"), D780,533 ("the '533 patent"), D786,025 ("the '025 patent"), and D826,003 ("the '003 patent") (collectively the "Patents-in-Suit").

8. Counterclaim-Plaintiffs deny YETI's claims of infringement of the Patents-in-Suit, and Counterclaim-Plaintiffs contend that the asserted claims of the Patents-in-Suit are invalid under Title 35 of the United States Code.

9. An actual and justiciable controversy has arisen and now exists between Counterclaim-Plaintiffs and Counterdefendant as to the non-infringement and invalidity of the Patents-in-Suit.

**First Count**
**(Declaratory Judgment of Non-Infringement)**

10. To the extent not inconsistent, Counterclaim-Plaintiffs incorporate by reference the allegations of their Answer to the Complaint, Affirmative Defenses, and Counterclaims as if fully set forth herein.

11. Counterclaim-Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the Patents-in-Suit.

12. By virtue of Counterdefendant suing Counterclaim-Plaintiffs in this action there exists an actual and justiciable controversy regarding the non-infringement of the Patents-in-Suit by 99 Only and 99 Only Texas.

13. Accordingly, Counterclaim-Plaintiffs request a judicial determination of their rights, duties, and obligations with regard to the Patents-in-Suit.

**Second Count**
**(Declaratory Judgment of Invalidity)**

14. One or more claims of the "Patents-in-Suit" are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and/or 282, and/or the rules, regulations and law pertaining thereto.

15. There exists an actual and justiciable controversy regarding the invalidity of the Patents-in-Suit. Accordingly, 99 Only and 99 Only Texas request a judicial determination of their rights, duties, and obligations regarding the Patents-in-Suit.

## Prayer for Relief

WHEREFORE, 99 Only and 99 Only Texas respectfully request that the Court enter judgment in their favor, including the following:

A. A declaration that Counterclaim-Plaintiffs have not infringed and do not infringe in any manner any claim of any of the Patents-in-Suit;

B. A declaration that each claim of each of the Patents-in-Suit is invalid;

C. An injunction against YETI and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with YETI from charging infringement or instituting any legal action for infringement of any of the Patents-in-Suit against 99 Only and 99 Only Texas or anyone acting in privity with them;

D. An order declaring that Counterclaim-Plaintiffs are the prevailing parties and that this is an exceptional case, awarding Counterclaim-Plaintiffs their costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

E. Such other and further relief, in law or in equity, as this Court deems just.

## Jury Demand

99 Only and 99 Only Texas demand a trial by jury as to all issues and causes of action so triable herein, pursuant to Fed. R. Civ. P. 38.

Dated: November 15, 2018

Respectfully submitted,

*By: Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
Brad Thompson
State Bar No. 24046968
DUANE MORRIS LLP
7500 Rialto Boulevard
Building 1, Suite 230
Austin, Texas 78735-8560
Tel.: (512) 277-2300
Fax: (512) 277-2301
*BGreene@duanemorris.com*
*BThompson@duanemorris.com*

Boris Zelkind
*(To be Admitted Pro Hac Vice)*
DUANE MORRIS LLP
750 B Street
Suite 2900
San Diego, CA 92101
Tel: (619) 744-2267
Fax: (619) 923-2673
*BZelkind@duanemorris.com*

**COUNSEL FOR DEFENDANTS
99 CENTS ONLY STORES AND 99
CENTS ONLY STORES TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gilbert A. Greene*
Gilbert A. Greene
